THOMAS M. TYNG, Appellant, *v.* NATHANIEL N. HALSTED et al., Impleaded, etc., Respondents.

(Argued June 1, 1878; decided June 11, 1878.)

THESE were appeals from orders of General Term, affirming two orders of Special Term, the one denying a motion on the part of plaintiff to correct or expunge certain conclusions of law contained in the decision of the court and to insert others in their stead; the other denying a motion a set aside the judgment entered upon the decision.

The complaint in the action, alleged, in substance, that a controversy having arisen between one Alvin S. Halsted, jr., and plaintiff, as to the ownership and right to the possession of a sub-marine boat and apparatus, an action was commenced by said Halsted and others in the Court of Chancery of New Jersey, against plaintiff, to determine the said controversy. That a decrée was duly rendered in said action, adjudging plaintiff to be entitled to the exclusive possession of said property, the complainants, however, having a right to redeem upon making certain disbursements, expenses and commissions, according to a contract between the parties. The decree further ordered and adjudged that defendant therein (plaintiff here) should, within ten days after service

of the decree, render to said Halsted an account; that Halsted should, within ten days thereafter, cause a master of said court, to whom it was referred, to designate a day for taking and stating the account, and the master was required to report the amount found due, and Halsted was permitted to tender the amount found due plaintiff within ten days after the confirmation of the master's report.

The complaint further alleged that during the pendency of said action in New Jersey, an instrument was executed between the parties, by which defendants Nathaniel N. Halsted and Edward W. Serrell were appointed trustees, and the property in question was agreed to be and was placed in their hands, they to retain the same or the avails thereof until the rights and interests of the parties therein should be finally adjudicated upon; that the accounting required by the decree had never been taken, because, before it was entered upon, the said Oliver S. Halsted, jr., died, and that Martha A. Halsted, defendant herein, was his administratrix. The complaint asked that an account be taken of the amount of the lien, if any, of said trustees for disbursements and expenses; also the account referred to in the decree, and that said administratrix be required to pay the amount found due plaintiff within ten days, or that her right to redeem the property be considered abandoned. The said administratrix did not answer. The other defendants answered, claiming in substance that the New Jersey decree did not finally adjudicate and determine the rights of the parties, and that the same could not be determined until an accounting was taken as prescribed by the decree; that said action in New Jersey has been revived and continued in the name of the administratrix. Upon the answer of the trustees the cause was brought on for trial. The court found the facts substantially as alleged in the complaint and answer, and as conclusions of law found that under the instrument of trust the trustees were entitled to retain possession of the property until the question of ownership was finally settled, which could only be done as prescribed by the New Jersey decree; that this action was, therefore, prematurely brought, and he directed

a dismissal of the complaint as to the trustees. Judgment was entered accordingly. Upon a subsequent hearing against the administratrix, it was referred to a referee to take and state plaintiff's account, and to report the amount found due; and upon confirmation of the report, and proof of service of a copy thereof and of the order of confirmation upon the administratrix, and that she did not, within ten days thereafter, pay or tender the amount found due, it was ordered and adjudged that such right to redeem should be deemed waived, and that plaintiff was the sole owner of the property in question. Plaintiff thereupon moved to expunge the findings of law of the trial court above stated, and for the insertion of findings in their stead, in substance that plaintiff was entitled to the property, on payment of the charges and disbursements of the trustees, and providing for an accounting to ascertain the same; and also moved for the entry of an interlocutory judgment in conformity with such findings in lieu of the judgment entered, both of which motions were denied. *Held*, that the orders appealed from involved questions of practice, not reviewable here; that plaintiff should have brought on the hearing against the administratrix in connection with the trial against the other defendants; that, although irregular in his practice, the court might have allowed the subsequent findings to be incorporated in the judgment-roll, and if those findings and the judgment, to which he was entitled against the administratrix, would affect his right of recovery against the other defendants might have vacated the judgment on payment of costs, or on other terms, and have allowed the action to proceed in its new aspect; but that this was in the discretion of the court.

*T. Mitchell Tyng* appellant in person.

*Charles A. Davison* for respondent.

CHURCH, Ch. J., reads for dismissal of appeals.
All concur.
Appeals dismissed.